[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13723
Non-Argument Calendar
_____

D.C. Docket No. 5:16-cr-00050-MTT-CHW-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHELIA MARIE JOHNSON,
a.k.a. Old Girl,
a.k.a. O.G.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(July 13, 2018)

Before MARCUS, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Shelia Marie Johnson appeals her conviction for one count of distribution of

methamphetamine.  She argues that the district court erred in overruling her

objection to the government referring to her as "O.G," short for "Old Girl," during

its direct examination of one of its witnesses.  She contends that her alias was irrelevant to her offense, and that the district court deprived her of a fair trial by allowing the government to use the alias.

We review a district court's evidentiary rulings for abuse of discretion. *United States v. Lebowitz*, 676 F.3d 1000, 1009 (11th Cir. 2012).  The abuse of discretion standard of review recognizes that there are a range of possible conclusions a trial judge may reach.  *United States v. Frazier,* 387 F.3d 1244, 1259 (11th Cir.2004) (*en banc*).  We will affirm unless we find that the district court made a clear error of judgment or applied the wrong legal standard.  *Id.*

Evidence is relevant if it has any tendency to make a fact more or less probable, and that fact is of consequence in determining the action.  Fed. R. Evid. 401.  Relevant evidence is generally admissible, unless some federal law or rule provides otherwise, while irrelevant evidence is not.  Fed. R. Evid. 402.  Even if the evidence is relevant, however, the court may exclude it if its probative value is substantially outweighed by a danger of unfair prejudice.  Fed. R. Evid. 403.  We have "characterized Rule 403 as an extraordinary remedy to be used sparingly because it permits the trial court to exclude otherwise relevant evidence."  *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985).

We have held that "[t]he use of an alias in an indictment and in evidence is permissible if it is necessary to connect the defendants with the acts charged."

2

*United States v. Hines*, 955 F.2d 1449, 1454 (11th Cir. 1992).  In *Hines*, the government presented substantial evidence that the appellants had used various aliases, which were referenced in the indictment and mentioned during trial testimony.  *Id.*  A complaining witness, for example, testified that one of the appellants identified himself by his alias.  *Id.*  We therefore determined that the government sufficiently "connected the appellants to all of the aliases referenced at trial," and that the district court did not err in allowing them in as evidence.  *Id.*

Here, the district court did not abuse its discretion in permitting the government to refer to Johnson as "O.G." while one of its witnesses testified.  Two law enforcement officers both specifically testified the witness advised them that he could arrange a methamphetamine purchase from a woman he knew as "O.G.," and one of them further testified that he confirmed that "O.G." was Johnson by having the witness direct him to her address and then showing a picture of Johnson to the witness.  The witness also testified that he had only known Johnson as "O.G." and had not previously known her real name, and his girlfriend's phone expressly had listed Johnson as such.  Thus, "O.G." was a relevant term, and like in *Hines*, where witnesses had testified that the appellants identified themselves by their aliases, the testimony at Johnson's trial sufficiently connected her to the "O.G." alias, which was necessary to connect her with the overall offense.  *Hines*, 955 F.2d at 1454.  Moreover, Johnson does expressly argue that the references to

3

"O.G." violated Rule 403, but to the extent she does so through her argument that it rendered her trial "unfair," nothing in the record suggests that allowing the references was outside of the district court's range of reasonable choices. *Frazier,* 387 F.3d at 1259; *see also Meester*, 762 F.2d at 875 (noting that exclusion under Rule 403 is an extraordinary remedy).

Accordingly, the district court did not abuse its discretion, and we affirm.

**AFFIRMED.**